UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:24-CV-61260-GAYLES/AUGUSTIN-BIRCH

**KENNETH STEARS,**

    **Plaintiff,**

v.

**APPLE INC.,**

    **Defendant.**
_____/

## REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS

The Honorable Darin P. Gayles, United States District Judge, referred this case to the undersigned United States Magistrate Judge for a report and recommendation on all dispositive matters. DE 26. The case now comes before the Court on Defendant Apple Inc.'s Motion to Dismiss Plaintiff Kenneth Stears' Complaint. DE 9. Plaintiff filed a Response to the Motion to Dismiss, and Defendant filed a Reply. DE 18; DE 20. The Court has carefully considered the parties' briefing and the record and is otherwise fully advised in the premises. For the reasons set forth below, the Court recommends that the Motion to Dismiss be **GRANTED** and that the Complaint be **DISMISSED WITHOUT PREJUDICE**.

### I.    Plaintiff's Allegations

Plaintiff's Complaint raises one count of disability discrimination in violation of the Florida Civil Rights Act of 1992 ("FCRA"). DE 1-2 at 5. Plaintiff alleges that he worked for Defendant as a part-time employee from February 2013 to April 2023. *Id.* at 4. Plaintiff has AIDS, and Defendant knew "about this condition as Plaintiff [was] on medical leave from March-October 2022 . . . and was also a recipient of government disability benefits due to his conditions." *Id.*

"[J]ust months after Plaintiff returned, he was disciplined for calling a customer from his personal phone due to issues with the Defendant's calling system." *Id.* "This was an act that had been performed by numerous non-disabled employees without discipline, and despite Plaintiff explaining why he had to use his personal phone, Plaintiff was unknowingly placed on a final warning for his conduct." *Id.* On or about March 10, 2023, "Defendant audited Plaintiff's calls to see that he had used his personal phone again." *Id.* "A full blown investigation went underway over this trivial issue, and the Plaintiff, after 10 years of employment, and just months after his return from medical leave, was terminated on April 17, 2023." *Id.* "This was despite Defendant failing to follow its progressive disciplinary policy." *Id.* Plaintiff contends that "Defendant has discriminated against the Plaintiff in the terms and conditions of his employment and has denied the Plaintiff continued employment because of his handicap, or alternatively, the Defendant's perception of a handicap." *Id.* at 5.

## II.     Legal Standard

A court may grant a motion to dismiss a pleading if the pleading fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A court ruling on a Rule 12(b)(6) motion to dismiss accepts the well-pled factual allegations as true and views the facts in the light most favorable to the plaintiff. *Jones v. Fransen*, 857 F.3d 843, 850 (11th Cir. 2017). A court should grant a motion to dismiss only when the pleading fails to contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The pleading must contain more than labels, conclusions, a formulaic

recitation of the elements of a cause of action, and naked assertions devoid of further factual enhancement. *Id.*

### III.     Analysis

A disability discrimination claim under the FCRA is analyzed using the same framework as is used to analyze a disability discrimination claim under the Americans with Disabilities Act ("ADA"). *Greenberg v. BellSouth Telecomms., Inc.*, 498 F.3d 1258, 1263–64 (11th Cir. 2007). The elements of such a claim are that the plaintiff is disabled, is a qualified individual, and was subject to unlawful discrimination because of his disability. *Id.* at 1263. In its Motion to Dismiss, Defendant contends that Plaintiff failed to plausibly plead the third element—that he was subject to unlawful discrimination because of a disability.[1]  DE 9.

Plaintiff does allege that Defendant "denied the Plaintiff continued employment because of his handicap, or alternatively, the Defendant's perception of a handicap." DE 1-2 at 5. However, that allegation is simply a conclusory recitation of an element of his claim that lacks any factual content to plausibly plead the element. *See Iqbal*, 556 U.S. at 678 (explaining that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable" and that pleading conclusions, formulaic recitations of the elements, and naked assertions devoid of factual enhancement are insufficient); *Thomas v. Murphy Oil Corp.*, 777 F. App'x 377, 380 (11th Cir. 2019) ("Plaintiff's bare conclusory allegations that Defendants discriminated against him based on his race or disability is not enough to avoid dismissal."); *Booth v. City of Roswell*, 754 F. App'x 834, 838 (11th Cir. 2018) ("Because Booth did not allege any facts to support his allegation that he was 'terminated because he was an undesirable employee because of his disability,' the district court did not plainly err in dismissing

---

[1] Defendant does not challenge Plaintiff's pleading of the first and second elements of a discrimination claim.

his disparate treatment claim."); *Mazile v. Larkin Univ. Corp.*, No. 1:23-cv-23306, 2024 WL 3495320, at *9 (S.D. Fla. July 22, 2024) ("Mazile's assertion that Larkin 'discriminated against Plaintiff because of her ADHD and anxiety' is merely a legal conclusion unsupported by any facts in the ADA Complaint, and therefore is insufficient for this Court to find that the third prong of the test to state a claim for ADA discrimination has been met.").

The Court therefore has reviewed the Complaint for factual content that might plausibly plead the third element of Plaintiff's discrimination claim. He alleges that "numerous non-disabled employees" also called customers from their personal phones, "without discipline." DE 1-2 at 4. In response to Defendant's argument that he has not plausibly pled the existence of any similarly situated comparators, *see* DE 9 at 5–6, Plaintiff correctly asserts that he need not rely on comparators to plead a discrimination claim. DE 18 at 4; *see Davis v. Mia.-Dade Cnty.*, No. 23-12480, 2024 WL 4051215, at *6 (11th Cir. Sept. 5, 2024) (explaining that "we've recognized that a plaintiff may have a legitimate discrimination claim even if there is no other employee against whom the plaintiff can perform a direct comparison").

Discrimination may be shown either directly or circumstantially, for example by showing that the plaintiff was treated differently than similarly situated non-disabled employees. *Chandler v. Sheriff, Walton Cnty.*, No. 22-13698, 2023 WL 7297918, at *4 (11th Cir. Nov. 6, 2023) ("The plaintiff may show that the employer treated similarly situated individuals outside his protected class more favorably."); *Arafat v. Sch. Bd. of Broward Cnty.*, 549 F. App'x 872, 874 (11th Cir. 2013) ("When comparing her treatment to a non-protected employee . . . the plaintiff must show that she and the other employee were similarly situated in all relevant respects." (quotation marks omitted)). To the extent that Plaintiff intends the factual support for the third element of his discrimination claim to be that Defendant treated him differently than non-disabled employees, he

must plead facts that plausibly allege that the non-disabled employees were similarly situated to him.  He does not plead such facts, only generically referring to "numerous non-disabled employees" who were treated differently.  *See Arafat*, 549 F. App'x at 874 ("Arafat generically referenced younger males, but nowhere in her complaint does she identify any valid comparators to undergird her disparate treatment claims."); *Mitchell v. City of Mia. Beach*, No. 21-22835-Civ, 2022 WL 1746919, at *5 (S.D. Fla. May 31, 2022) ("Ultimately, Mitchell does not plead a single fact showing that his putative comparators are similarly situated."), *aff'd*, No. 22-12139, 2024 WL 140065 (11th Cir. Jan. 12, 2024); *Brezenski v. St. Thomas Univ., Inc.*, No. 20-24860-Civ, 2021 WL 3473847, at *3 (S.D. Fla. Aug. 6, 2021) ("These allegations of circumstantial evidence are insufficient to satisfy the Plaintiff's pleading requirements.  The Plaintiff does not identify *any* comparators without a disability and who were promoted, who also had similar experience, applied for similar positions, and conducted similar research[.]"); *Louis v. HMSHost Corp.*, No. 20-CV-61727, 2020 WL 13389301, at *1 (S.D. Fla. Dec. 14, 2020) ("Plaintiff's Complaint alleges that Defendant treated 'Plaintiff differently than similarly situated employees in the terms and conditions of her employment.' . . . As it stands, Plaintiff's Complaint does not contain sufficient factual allegations regarding similarly situated employees or the way in which they were treated."). Plaintiff's generic reference to non-disabled employees does not assist him in plausibly pleading the third element of his discrimination claim.

Plaintiff also alleges that Defendant terminated his employment "just months after his return from medical leave."  DE 1-2 at 4.  To be more precise about the timeline, he alleges that he was on medical leave "from March-October 2022" and that Defendant terminated his employment on April 17, 2023.  *Id.*

A plaintiff may show discrimination circumstantially through temporal proximity. *Godbee v. Sam's W., Inc.*, No. 21-60513, 2022 WL 2804843, at *5 (S.D. Fla. Feb. 17, 2022) ("Such temporal proximity could support an inference of discrimination."); *Carper v. TWC Servs., Inc.*, 820 F. Supp. 2d 1339, 1349 (S.D. Fla. 2011) ("It is true that the timing of an employee's termination may, *in combination with* other indices of disability-based bias, constitute evidence suggestive of disability discrimination."). However, if a causal link is to be shown through temporal proximity, the proximity must be very close. *Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 272 (2001) ("The cases that accept mere temporal proximity between an employer's knowledge of protected activity and an adverse employment action as sufficient evidence of causality to establish a prima facie case uniformly hold that the temporal proximity must be very close[.]" (quotation marks omitted)); *Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1364 (11th Cir. 2007) ("But mere temporal proximity, without more, must be very close." (quotation marks omitted)). Even a lapse of three months has been deemed insufficient to demonstrate a causal link. *See Gilliam v. U.S. Dep't of Veterans Affs.*, 822 F. App'x 985, 990 (11th Cir. 2020) ("[T]o the extent that Gilliam seeks to establish a causal link by pointing out that Shogren's recommendation to fire him came after his EEOC contact, the lapse of three months between Shogren's alleged discovery of his statutorily protected expression and the adverse employment action is too long to permit an inference of causation based on temporal proximity alone."); *Brown v. Ala. Dep't of Transp.*, 597 F.3d 1160, 1182 (11th Cir. 2010) ("Even a three-month interval between the protected expression and the employment action—the briefest interval we face here—is too long."); *Thomas*, 506 F.3d at 1364 ("A three to four month disparity between the statutorily protected expression and the adverse employment action is not enough."). The lapse of more than a year between when Defendant presumably found out about Plaintiff's condition when he began his medical leave in

6

March 2022 and when Defendant terminated his employment in April 2023—or even the lapse of around six months when Plaintiff returned from his medical leave in October 2022 and Defendant terminated his employment in April 2023—is, standing alone, too long to plausibly plead the third element of Plaintiff's discrimination claim.

Furthermore, Plaintiff's allegations reflect that Defendant terminated his employment because he violated company policy by calling customers from his personal phone. *See* DE 1-2 at 4 (alleging that Plaintiff explained that he had used his personal phone, he was disciplined for that conduct, Defendant then "audited Plaintiff's calls to see that he had used his personal phone again," and Defendant thereafter terminated Plaintiff's employment). Misconduct may be a basis for dismissal, and an employer is not required to excuse misconduct. *J.A.M. v. Nova Se. Univ., Inc.*, 646 F. App'x 921, 926 (11th Cir. 2016) (affirming the dismissal of an ADA claim where the plaintiff "alleged that he was dismissed because he breached his agreement to abstain from alcohol consumption" rather than alleging that he was dismissed because of his disability and rejecting the plaintiff's "argument that the substance abuse and alcohol agreement was a pretext for disability discrimination"); *see also Berry v. Crestwood Healthcare, LP*, 84 F.4th 1300, 1309 (11th Cir. 2023) ("But the intervening discovery of employee misconduct can sever the causal inference created by close temporal proximity."). Plaintiff's own allegations cut against an inference that Defendant terminated his employment because of a disability. He has not plausibly pled that he was subject to unlawful discrimination because of a disability.

### IV. Recommendation

For the foregoing reasons, the Court recommends that Defendant's Motion to Dismiss [DE 9] be **GRANTED**. The Court recommends that Plaintiff's Complaint [DE 1-2] be

**DISMISSED WITHOUT PREJUDICE** and that Plaintiff be given an opportunity to replead his claim.

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1.

**DONE AND SUBMITTED** in Chambers at Fort Lauderdale, Florida, this 3rd day of December, 2024.

PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE